UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BRUJO FINANCE COMPANY,<br><br>*Plaintiff*,<br><br>v.<br><br>100,266.35 BARRELS OF RON95 GASOLINE, *in rem*,<br><br>*Defendant*. | Case No. 4:20-CV-01551<br><br>Hon. Lynn N. Hughes<br><br>(IN ADMIRALTY) |

### INTERESTED PARTIES' UNOPPOSED, EMERGENCY MOTION TO APPEAR AT JULY 9, 2020 HEARING REMOTELY, BY TELEPHONE OR VIDEOCONFERENCE

Sea Energy Company Inc. ("Charterer") and ES Euroshipping AG ("Cargo Owner") (collectively, "Interested Parties"), having filed a Verified Statement of Interested Parties pursuant to Supplemental Rule for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rule") C(6)(a) and having entered a restricted appearance pursuant to Supplemental Rule E(8) to defend the 100,266.35 Barrels of RON95 Gasoline ("Cargo"), which is the named Defendant in the above-captioned action *in rem* ("Action"), and reserving all rights and defenses, including Rule 12(b) defenses, hereby move for this Honorable Court to permit Interested Parties' counsel to appear remotely, by telephone or videoconference, at the upcoming July 9, 2020 hearing at 2:15pm. In support of this unopposed, emergency motion, Interested Parties state as follows:

### RELEVANT BACKGROUND

1. On June 26, 2020, Chief Judge Lee H. Rosenthal entered an Order closing the Bob Casey U.S. Courthouse in Houston, Texas to the public until July 10, 2020 (Special Order H-2020-

19). The Order was entered "[t]o protect the health and safety of the public, staff, and judicial officers from exposure to or spread of COVID-19." *Id*.

2. On July 6, 2020, this Court entered an Order setting a hearing for July 9, 2020 at 2:15pm in Courtroom 11-C of the Bob Casey U.S. Courthouse (Dkt. 63).

3. On July 6, 2020, counsel for the parties contacted Case Manager Glenda Hassan to seek clarification whether the Court expected counsel to appear in person at the hearing.

4. Ms. Hassan informed the parties that they are expected to appear in person at the July 9, 2020, hearing.

## ARGUMENT

5. **Conflicting Court Orders**: The Court's Order and expectation that the parties appear in person at the courthouse before it is open to the public places the parties in a predicament. If they obey this Court's Order and appear in person, they risk violating an Order from the Chief Judge of this Court permitting only employees or contractors to enter the courthouse until July 10, 2020. *See* Special Order H-2020-19.

6. **Concern for Court Personnel**: In addition, counsel for Interested Parties is cognizant of the purpose of the Special Order "[t]o protect the health and safety of the public, staff, and judicial officers from exposure to or spread of COVID-19." *Id*. Interested Parties' lead counsel, Michael Volkov, who is admitted *pro hac vice* to appear before the Court (Dkt. 19), would be travelling from *California*, which presently has **the highest number of total COVID-19 cases of all U.S. states and territories** according to the Centers for Disease Control and Prevention ("CDC"). *See* "United States COVID-19 Cases and Deaths by State," https://www.cdc.gov/covid-data-tracker/#cases (last visited on July 7, 2020). As such, it would be highly irresponsible for

Mr. Volkov to travel from California to appear in person at the hearing and potentially expose courthouse personnel (and fellow travelers) to COVID-19.

7. The Volkov Law Firm does not have any attorneys located in Texas. As such, any attorney who would appear in person at the hearing must travel from a different state, which risks spreading the virus. The Texas Department of State Health Services encourages travelers to "heed the advice of the CDC." https://www.dshs.state.tx.us/coronavirus/travelers.aspx. The CDC states that "staying home is the best way to protect yourself and others from getting sick," and notes that "[t]ravel increases your chances of getting and spreading COVID-19." https://www.cdc.gov/coronavirus/2019-ncov/travelers/travel-in-the-us.html; https://www.cdc.gov/coronavirus/2019-ncov/travelers/faqs.html (last visited on July 7, 2020). As such, it is equally irresponsible to have other attorneys from the Volkov Law Firm travel from out-of-state to appear in person at the hearing and potentially expose courthouse personnel (and fellow travelers) to COVID-19.

8. **Concern for Self and Others**: Interested Parties' lead counsel also is concerned for himself and his associates. Texas presently has the fourth highest number of total COVID-19 cases of all U.S. states and territories according to the CDC. *See* "United States COVID-19 Cases and Deaths by State," https://www.cdc.gov/covid-data-tracker/#cases (last visited on July 7, 2020). Mr. Volkov is an older individual who the CDC considers to be at higher risk than others to become severely ill if infected. Interested Parties' lead counsel is also concerned for his employees and does not want to require them to travel to Texas in his stead and increase the risk that they may become infected or infect others. The Volkov Law Firm is a small firm. All of the lawyers either are older or have underlying medical conditions which place them at higher risk of becoming severely ill and/or are subject to state travel restrictions that would require quarantine if

they visit Texas (*e.g.* one younger attorney is located in New Jersey which has a 14-day quarantine travel advisory for anyone traveling to or returning to New Jersey from Texas, *see* New Jersey Covid-19 Information Hub, https://covid19.nj.gov/faqs/nj-information/general-public/which-states-are-on-the-travel-advisory-list-are-there-travel-restrictions-to-or-from-new-jersey (last visited on July 7, 2020)).

9. Finally, Interested Parties are aware that Special Order H-2020-19 encourages "remote or virtual proceedings when feasible and in the interests of justice." Although Interested Parties' counsel would very much like the opportunity to appear in person before the Court, it is certainly "feasible" to conduct the hearing remotely, which seems the most prudent course under the present circumstances.

## **CONCLUSION**

For the foregoing reasons and in light of the public-health crisis relating to COVID-19, Interested Parties respectfully request that the Court grant this unopposed, emergency motion to permit Interested Parties' counsel to appear remotely, by telephone or videoconference, at the upcoming July 9, 2020 hearing at 2:15pm. A proposed order is filed with this motion.

Respectfully submitted,

Dated: July 7, 2020

/s/   *Michael Volkov*
Michael Volkov
**The Volkov Law Group LLC**
2200 Pennsylvania Avenue, NW
4th Floor East
Washington, DC 20037
(240) 505-1992
mvolkov@volkovlaw.com

*Counsel for Sea Energy Company
and ES Euroshipping AG*

## CERTIFICATE OF CONFERENCE

I, Michael Volkov, hereby certify that I conferred with counsel for the Plaintiff on July 7, 2020, and counsel does not oppose this Motion.

/s/     *Michael Volkov*
Michael Volkov

## CERTIFICATE OF SERVICE

I, Michael Volkov, hereby certify that the foregoing INTERESTED PARTIES' UNOPPOSED, EMERGENCY MOTION TO APPEAR AT JULY 9, 2020 HEARING REMOTELY, BY TELEPHONE OR VIDEOCONFERENCE was electronically filed with the Clerk of Court via CM/ECF and that a true and correct copy of the foregoing was served electronically via email upon the person listed below, this 7th day of July, 2020:

Michael Frevola
**Holland & Knight LLP**
31 West 52nd Street
New York, NY 10019
(212) 513-3516
michael.frevola@hklaw.com

I further declare under penalty of perjury that the foregoing is true and correct.

Dated: July 7, 2020

/s/     *Michael Volkov*
Michael Volkov
**The Volkov Law Group LLC**
2200 Pennsylvania Avenue, NW
4th Floor East
Washington, DC 20037
(240) 505-1992
mvolkov@volkovlaw.com

*Counsel for Sea Energy Company and ES Euroshipping AG*